**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Edith Ihegword,**<br>**Henrietta Nlemchi,**<br>**And All Others Similarly Situated**<br>**Plaintiffs,** | ) | **CIVIL ACTION**<br>**FILE NO.** |
| **v.** | ) | |
| **Harris County Hospital District d/b/a Ben Taub General Hospital d/b/a Lyndon Baines Johnson General Hospital d/b/a Quentin Mease Community Hospital d/b/a Various Community Health Centers**<br>**Defendants.** | ) | **JURY DEMANDED** |

**PLAINTIFFS' ORIGINAL COMPLAINT**

NOW COME PLAINTIFFS, Edith Ihegword, Henrietta Nlemchi, and all others similarly situated, and complain of Defendants Harris County Hospital District d/b/a Ben Taub General Hospital d/b/a Lyndon Baines Johnson General Hospital d/b/a Quentin Mease Community Hospital d/b/a Various Community Health Centers (hereinafter collectively referred to as "Defendants") and for cause of action would show the Court as follows:

## I.
## INTRODUCTION

1. This is a collective action suit to recover unpaid overtime wages of hourly paid registered nurses brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Texas Labor Code. This suit also asserts individual discrimination claims of Plaintiffs under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., 42 U.S.C. § 1983, and 42 U.S.C. § 1981.

2. This action seeks, in part, equitable relief, compensatory and liquidated damages,

attorney's fees, taxable costs of court, and post-judgment interest for Defendants' willful failure of 29 U.S.C. § 216(b). Specifically, Defendants have filed to pay straight time and overtime wages to Plaintiffs Edith Ihegword and Henrietta Nlemchi, and to all others similarly situated, in the course of their employment with the Defendants.

3. Plaintiffs Edith Ihegword, Henrietta Nlemchi, and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

4. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., 42 U.S.C. § 2000e, *et seq*., 42 U.S.C. § 1983, 42 U.S.C. § 1981, and Texas state common law.

## II.
## JURISDICTION AND VENUE

5. Plaintiffs Ihegword and Nlemchi, on behalf of themselves and the Plaintiff class, bring this action to recover unpaid overtime compensation from the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

6. This Court also has jurisdiction of these claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367, and under 29 U.S.C. § 201 *et seq*., 42 U.S.C. § 2000e, *et seq*., 42 U.S.C. § 1983, and 42 U.S.C. § 1981.

7. This Court has supplemental jurisdiction over all pendant state claims pursuant to 28 U.S.C. §1367.

8. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES

9. Plaintiff, Edith Ihegword, is a resident of Harris County, Texas.

10. Plaintiff, Henrietta Nlemchi, is a resident of Harris County, Texas.

11. The 'Members of the Class' are all current and former non-exempt workers who were employed by the Defendants during the three-year period preceding the filing of this complaint. Like the named Plaintiffs, these individuals engaged in interstate commerce or in the production of goods for commerce in performing their duties for Defendants.

12. Defendants Harris County Hospital District d/b/a Ben Taub General Hospital d/b/a Lyndon Baines Johnson General Hospital d/b/a Quentin Mease Community Hospital d/b/a Various Community Health Centers is a validly existing hospital district created by the Texas Legislature. Defendants may be served with summons and complaint by serving their registered agent, Ms. Barbara C. Lefler at 1504 Taub Loop, Houston, Texas 77030. Defendants have acted, directly or indirectly, in the interest of an employer with respect to the named Plaintiffs and Members of the Class.

13. Whenever in this complaint it is alleged that any or all of the Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

14. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

15. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

16. At all material times, Defendants have been an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the

FLSA. 29 U.S.C. § 203(s)(1).

17. At all material times, each named Plaintiff was an employee who was engaged in interstate commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18. Defendants are an 'enterprise' and 'joint employer' as defined by 29 U.S.C. § 203(r).

## IV.
## CLASS ALLEGATIONS

19. Plaintiffs Edith Ihegword and Henrietta Nlemchi ("Named Plaintiffs") file this case as an "opt-in" collective action, as is specifically allowed by 29 U.S.C. § 216(b).

20. The class that Named Plaintiffs seek to represent may be described as follows:

> **All current and former hourly paid nurses who were employed by Defendants during the three-year period preceding the filing of this complaint (i) who worked at any hospital, community health center, or other medical facility located in the state of Texas that was owned, operated and/or acquired by Defendants during the class period and 2) who claim they were either misclassified as exempt from overtime compensation, or not misclassified but did not receive overtime compensation, and seek to be paid such compensation.**

21. Named Plaintiffs seek to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Named Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

22. Individuals that choose to opt-in, referred to as the "Plaintiff class", will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

23. Named Plaintiffs contend that this action is appropriate for collective action status because each named Defendant herein has acted in the same manner with regard to all members of the Plaintiff class.

## V.
## FACTS

24. At all times relevant to this action, Defendants have been subject to the requirements of the FLSA.

25. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

26. During at least the past three years, all of the hourly paid nurses and salaried non-exempt nurses working at all business locations owned and/or operated by the Defendants, including community health centers and hospitals, have been routinely required to work in excess of 40 hours per week and to work off-the-clock to perform the function of their job, which included the performance of duties otherwise typically performed by non-exempt employees because the job required it and Defendants' management demanded it.

27. Plaintiffs and all others similarly situated were not paid for these hours worked, and did not receive the time-and-one-half premium for overtime hours worked.

***Plaintiff Edith Ihegword's Employment with the Defendants***.

28. Defendants employed Plaintiff Edith Ihegword from 1989 until May 29, 2009 as an hourly paid registered nurse.

29. During her employment, Ms. Ihegword was required to work overtime hours in excess of 40 hours during each seven-day workweek.

30. Also during each seven-day workweek, Ms. Ihegword was required to work off-the-clock. Specifically, Plaintiff was required to clock out at the end of each shift and continue to work an average of four (4) hours off the clock.

31. During these hours worked, Plaintiff performed the duties of a nurse, and she was paid at an hourly rate of $39.39.

32. As for Ms. Ihegword's discrimination and retaliation claims, her employment was terminated because of her disability and national origin, and after complaints of same, she suffered retaliation.

33. Specifically, Ms. Ihegword's employer terminated her employment as Registered Nurse due to her disability and national origin, Nigerian.

34. In addition, her employer has harassed Ms. Ihegword, treated her differently, and retaliated against her for complaining of discriminatory treatment.

35. Although Ms. Ihegword provided medical documentation of her need for a reasonable accommodation, management chose to pay a contractor as opposed to allowing Plaintiff to work a schedule that would accommodate her medical restrictions.

36. Ms. Anglin and Ms. McLaughlin terminated Ms. Ihegword for misrepresentation of patient education, failure to assist and supervise her peers, and displaying argumentative and insubordinate behavior regarding patient assignments.

37. All of the foregoing reasons are false and were created because of Ms. Ihegword's complaints of management ignoring violations of medical standards, violations of company policies and showing preferential treatment toward African Americans.

***Plaintiff Henrietta Nlemchi's Employment with the Defendants***.

38. Defendants employed Plaintiff Henrietta Nlemchi from June 12, 2005 until November 23, 2008, as an hourly paid registered nurse.

39. During her employment, Ms. Nlemchi was required to work overtime hours in excess of 40 hours during each seven-day workweek.

40. Plaintiff Nlemchi averaged between 50 to 60 hours per week.

41. Plaintiff Nlemchi was paid on an hourly basis at the rate of $41.00.

42. Also during each seven-day workweek, Ms. Nlemchi was required to work off-the-clock. Specifically, Plaintiff was required to work while clocked out at least 3 times per week for a period of 2 to 2.5 hours each time.

43. During her employment, Plaintiff was considered a 'floating' nurse, which required her to work at all three hospital locations of the Defendants at various times are required.

44. As for Ms. Nlemchi's discrimination claims, her employment was terminated because of her race, African originating in Nigeria. Ms. Nlemchi, Ms. Ihegword, and several other Nigerian nurses were all let go in a relatively short period of time and were replaced with nurses of African American descent.

45. Defendants have engaged in a pattern and practice of discriminating against nurses of Nigerian descent, and Defendants' past actions are abundant and evident of this illegal behavior.

**VI.**
**FLSA COLLECTIVE ACTION ALLEGATIONS**

46. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

47. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

48. Thus, from discussion with Defendants and co-workers, Named Plaintiffs are aware that the illegal practices and policies of Defendants have been imposed on other workers.

49. Other, similarly situated employees are being denied their lawful wages.

50. Accordingly, each Defendant's pattern and practice of failing to pay the overtime pay

(at time and one-half) to its employees as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the members of the class.

51. Named Plaintiffs' experience is typical of the experience of the members of the class as it pertains to compensation.

52. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

53. All hourly workers of Defendants, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of 40 per week, are similarly situated.

54. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

55. All current and former hourly laborers employed by the Defendants businesses, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime pay for hours worked in excess of forty (40) in any given workweek are properly included as members of the class.

## VII.
## CLAIMS FOR RELIEF

### Count One – Unpaid overtime compensation under the FLSA (both Plaintiffs)

56. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

57. Plaintiffs Edith Ihegword and Henrietta Nlemchi, and all others similarly situated are non-exempt employees under the FLSA.

58. These Named Plaintiffs and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek.

59. During Named Plaintiffs' employment, each routinely worked more than 40 hours per week.

60. Defendants did not pay the Named Plaintiffs, and all others similarly situated, their entitled pay (including overtime pay) for those hours they worked in excess of 40 per week.

61. Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay the Named Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

62. Defendants have not made a good faith effort to comply with the FLSA, and have thus violated the requirements of the federal statute.

63. Defendants do not have a complete, accurate and contemporaneous record of the number of hours worked per workweek by Named Plaintiffs and by all other similarly situated employees.

64. Each Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

65. No exemption excused the Defendants from paying Named Plaintiffs and all others similarly situated, overtime pay for hours worked over forty per week.

66. Rather, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern and practice regarding overtime compensation due to Named Plaintiffs and to all others similarly situated.

67. Named Plaintiffs and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendants until the date of trial or their earlier last date of employment.

68. Named Plaintiffs and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided for by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

69. Similarly, Named Plaintiffs and all others similarly situated seek full compensation for each hour worked off-the-clock.

**Count Two – Unpaid wages under the Texas Labor Code, Chapter 61 (both Plaintiffs)**

70. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

71. By withholding each Plaintiff's wages earned and requiring them to work off-the-clock, Defendants have violated Texas Labor Code, Chapter 61, *et seq*, which specifically requires the employer to pay its employees all of their wages earned.

72. Plaintiffs therefore sue for their unpaid wages, and for all additional damages allowed under the Texas Labor Code, Chapter 61, *et seq*.

**Count Three – National Origin Discrimination in Violation of 42 U.S.C. § 2000e, *et seq*. (Edith Ihegword)**

73. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

74. Plaintiff Edith Ihegword is of Nigerian Descent.

75. Because of each national origin, she belongs to a group of persons that 42 U.S.C. § 2000e, *et seq*. (Title VII of the 1964 Civil Rights Act, as amended) intended to protect against discrimination in the terms and conditions of employment.

76. By the above-described acts, Defendants discriminated against Ms. Ihegword because of her national origin, by tolerating and failing to take affirmative action to correct these unlawful

employment practices, by discriminating against her with respect to terms, conditions and privileges of her employment because of her national origin, through denial of her employment rights and benefits, promotions and achievement, and by terminating her, all in violation of 42 U.S.C. § 2000e, *et seq*. (Title VII of the 1964 Civil Rights Act as amended).

77. Further, Defendants acted with reckless indifference to the federally protected rights of Plaintiff Ihegword.

78. At all relevant times, Plaintiff Ihegword was qualified for the employment position she held with the Defendants, and her job performance was exemplary.

79. Plaintiff Ihegword was treated differently than others outside her protected class, and Plaintiff suffered discrimination because of her national origin.

80. Because of Defendants' discriminatory actions, Plaintiff has suffered adverse employment action, including her termination; Plaintiff has suffered loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in the probability will continue to suffer in the future.

**Count Four – Race Discrimination in Violation of 42 U.S.C. §1981 and 42 U.S.C. §1983 (Edith Ihegword)**

81. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

82. Plaintiff Ihegword's race is African of Nigerian descent, and she therefore belongs to a group that 42 U.S.C. §1981 and 42 U.S.C. §1983 intended to protect.

83. By the above-described acts, Defendants discriminated against Plaintiff because of race by tolerating and failing to take affirmative actions to correct unlawful employment practices, by discriminating against her with respect to terms, conditions and privileges of her

employment because of her race, through denial of her employment rights and benefits, promotions and achievement, and by terminating her, all in violation of 42 U.S.C. § 1981 and 42 U.S.C. §1983.

84. Further, Defendants acted with malice or, in the alternative, with reckless indifference to the federally protected rights of the Plaintiff.

85. As a result of Defendants' discriminatory actions, Plaintiff has suffered loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability, in the future.

**Count Five – Disability Discrimination in Violation of the Americans with Disabilities Act of 1990 (Edith Ihegword)**

86. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

87. Defendants are an employer that at all relevant times were subject to the requirements of the Americans with Disabilities Act of 1990 ("ADA").

88. Plaintiff informed Defendants of her need for a reasonable accommodation due to her disability.

89. Defendants refused to allow the requested reasonable accommodation.

90. Defendants have thus violated the ADA as to Ms. Ihegword.

**Count Six – Retaliation (Edith Ihegword)**

91. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

92. Plaintiff Ihegword made numerous complaints of discrimination to her employer.

93. The complaints are considered 'protected activity' under law.

94. Defendants knew of Ms. Ihegword's complaints.

95. After Plaintiff lodged her complaints of discrimination, Defendants engaged in activities, including bogus write-ups, accusations, and employment termination, all in retaliation for her charges as outlined above.

96. As a result of Defendants' retaliatory acts, Plaintiff Ihegword has suffered loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability will continue to suffer in the future.

**Count Seven – Race Discrimination in Violation of 42 U.S.C. §1981 and 42 U.S.C. §1983 (Henrietta Nlemchi)**

97. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

98. Plaintiff Nlemchi's race is African of Nigerian descent, and she therefore belongs to a group that 42 U.S.C. §1981 and 42 U.S.C. §1983 intended to protect.

99. By the above-described acts, Defendants discriminated against Plaintiff because of race by tolerating and failing to take affirmative actions to correct unlawful employment practices, by discriminating against her with respect to terms, conditions and privileges of her employment because of her race, through denial of her employment rights and benefits, promotions and achievement, and by terminating her, all in violation of 42 U.S.C. § 1981 and 42 U.S.C. §1983.

100. Further, Defendants acted with malice or, in the alternative, with reckless indifference to the federally protected rights of the Plaintiff.

101. As a result of Defendants' discriminatory actions, Plaintiff Nlemchi has suffered

loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability, in the future.

## VIII.
## ATTORNEY FEES

102. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

103. The Named Plaintiffs, and all others similarly situated, are entitled to recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## IX.
## JURY DEMAND

104. The Named Plaintiffs, and all others similarly situated, make a formal demand for a jury trial in this matter.

## X.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Edith Ihegword, Henrietta Nlemchi, and all others similarly situated respectfully request that upon final hearing, the Court grant Plaintiff, and all others similarly situated, relief as follows:

a. Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. § 207, by failing to pay Named Plaintiffs, and all others similarly situated, overtime pay at one and one half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period, and by failing to pay these individuals wages worked off-the-clock on a weekly basis.

b. Enjoin Defendants from failing to pay Named Plaintiffs, and all others similarly situated, at one and one half times their regular hourly rates for all hours in excess of 40 worked in each seven-day work period, and from failing to pay these individuals wages worked off-the-clock on a weekly basis.

c. Order Defendants to pay Named Plaintiffs, and all others similarly situated, the difference between what they should have paid for overtime hours plaintiffs worked during the relevant period and what they were actually paid, together with an equal amount as liquidated damages.

d. Order Defendants to pay Plaintiffs their unpaid wages as required under the Texas Labor Code, Chapter 61, *et seq*.

e. Order Defendants to pay Named Plaintiffs and all others similarly situated employees' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and Title VII of the Civil Rights Act, as amended.

f. Award actual and liquidated damages for the period of time provided by law, including appropriate back-pay and reimbursement for lost pension, insurance, severance and all other benefits incident to each Plaintiff's employment;

g. Award reinstatement, or front pay including benefits, in lieu of reinstatement;

h. Award compensatory and punitive damages for the willful, wanton, malicious and conscious disregard for the federally protected rights of each Plaintiff;

i. Order Defendants to take affirmative steps as are necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Named Plaintiffs' employment opportunities;

j. Order Defendants to pay pre- and post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendants.

k. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Named Plaintiffs, and to all other similarly situated employees of Defendants.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: /s/ Salar Ali Ahmed
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy., Suite 1920
Houston, Texas 77074
Telephone: (713) 223-1300
Facsimile: (713) 255-0013
E-mail: aahmedlaw@gmail.com

**Attorney for Plaintiffs**
**Edith Ihegword, Henrietta Nlemchi, and All Others Similarly Situated**