# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
February 12, 2014
Lyle W. Cayce
Clerk

No. 13-20186
Summary Calendar

D.C. Docket No. 4:10-CV-5180

United States Courts
Southern District of Texas
FILED

MAR 1 2 2014

David J. Bradley, Clerk of Court

EDITH IHEGWORD,

    Plaintiff - Appellant

v.

HARRIS COUNTY HOSPITAL DISTRICT, doing business as Ben Taub General Hospital, doing business as Lyndon Baines Johnson General Hospital, doing business as Quentin Mease Community Hospital, doing business as Various Community Health Centers,

    Defendant - Appellee

Appeal from the United States District Court for the
Southern District of Texas, Houston

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: 0 6 MAR 2014

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit
By: _____
        Deputy
New Orleans, Louisiana    0 6 MAR 2014

No. 13-20186
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
February 12, 2014
Lyle W. Cayce
Clerk

EDITH IHEGWORD,

                                                  Plaintiff-Appellant,

v.

HARRIS COUNTY HOSPITAL DISTRICT, d/b/a Ben Taub General Hospital, d/b/a Lyndon Baines Johnson General Hospital, d/b/a Quentin Mease Community Hospital, d/b/a Various Community Health Centers,

                                                  Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. 4:10-cv-5180

United States Courts
Southern District of Texas
FILED
MAR 1 2 2014
David J. Bradley, Clerk of Court

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    Plaintiff-Appellant Edith Ihegword brought suit under the Fair Labor Standards Act ("FLSA") against Defendant-Appellee Harris County Hospital District ("HCHD"). The district court granted summary judgment in favor of HCHD and dismissed Ihegword's claims with prejudice. We affirm.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Ihegword, who is Nigerian, began working as a nurse for Ben Taub Hospital in 1988 and in 2002, transferred to Quentin Mease Community Hospital ("Quentin") to work in the Geriatric Progressive Care Unit ("GPCU"). In 2006, Jimmie Anglin, an African-American female, became the Nurse Manager for the GPCU and consequently, became Ihegword's supervisor. On May 29, 2009, HCHD discharged Ihegword from her employment. HCHD cited as reasons for Ihegword's termination poor job performance, loss of confidence, and inability to get along with co-workers.

Ihegword ultimately brought suit in federal district court alleging: (1) discrimination on the basis of national origin in violation of VII of the Civil Rights Act of 1964 as amended; (2) discrimination on the basis of disability in violation of the Americans with Disabilities Act ("ADA"); (3) failure to pay overtime wages in violation of both the FLSA and Chapter 60 of the Texas Labor Code; and, (4) retaliation. HCHD filed for summary judgment as to all claims and the district court subsequently granted judgment in favor of HCHD. Ihegword only appeals the district court's ruling with respect to her claim for unpaid overtime wages in violation of the FLSA.

II.

Ihegword contends that the district court erred in finding that she had failed to produce sufficient evidence for a jury to find that she performed uncompensated overtime work and that HCHD was aware that Ihegword had performed the uncompensated overtime work. We disagree.

This court reviews a district court's grant of summary judgment de novo. *Nat'l Cas. Co. v. W. World Ins. Co.*, 669 F.3d 608, 612 (5th Cir. 2012) (citation omitted).

The FLSA mandates that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 441 (5th Cir. 2005) (quoting 29 U.S.C. § 207(a)(1)).[1] "An employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation." *Id.* at 441 (alteration in original) (citations and internal quotation marks omitted). "[I]f the employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of § 207." *Id.* (alteration in original) (citation and internal quotation marks omitted).

"An employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that she has performed work for which she alleges she was not compensated." *Id.* (citing *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)). An employee has met her requisite burden of proof if she proves that she has performed work for which she was improperly compensated and if she produces sufficient evidence to show the amount and extent of that work as a matter of "just and reasonable

---

[1] 29 U.S.C. § 207(a)(1) provides:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

inference." *Id.* (citation omitted). "The burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to [negate] the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (citation omitted). "If the employer fails to produce such evidence, the court may then award damages to the employee even though the result may only be approximate." *Id.* (citation omitted).

Ihegword asserts that while working for HCHD she was told by her supervisor, Anglin, that she was required to have her paperwork and filing completed before she left work each day. According to Ihegword, however, there were staffing shortages and nurses were often required to stay past their shift and work overtime to complete their job duties. For this reason, Ihegword was not always able to complete her paperwork by the end of her shift. Ihegword also claims that because she often worked as Charge Nurse, she had extra duties assigned to her in addition to her regular duties which made it even more difficult to complete all of her duties before the end of the work day. As a result, Ihegword asserts that she often worked in excess of forty hours during a seven-day workweek.

Additionally, however, Ihegword claims that HCHD management stated during employee meetings that it discouraged overtime and required approval before nurses were allowed to work overtime hours. Management approved overtime for certain types of work such as meetings and training and generally, overtime of less than one hour. According to Ihegword though, Anglin instructed nurses who needed to work more than an hour of overtime to clock out and then complete their work, resulting in many hours of uncompensated overtime. Ihegword avers that she began keeping a detailed log of her uncompensated overtime hours and stored the log in her locker but was never permitted to retrieve her personal belongings from her locker after she was terminated. Consequently, Ihegword estimates from memory alone that she

worked approximately twelve hours of uncompensated overtime a week, or four hours at the end of each twelve-hour shift, typically working three shifts a week.

In response to Ihegword's argument, HCHD points to Ihegword's written declaration in opposition to its motion for summary judgment wherein Ihegword claims that she was instructed to clock out before completing her work and often worked approximately four hours of overtime after each shift, or twelve hours a week, and that she was paid for some but not all of her overtime work. HCHD then points to Ihegword's deposition testimony wherein she claimed not to remember how often she worked overtime and that on the days she remembers working overtime, it could have been "three or two or one" hours. Additionally, in her deposition, Ihegword stated that she tried "as much as possible not to show in [her time card reports] the extent that [she worked overtime]" after clocking out. Moreover HCHD points to the time card reports contained in the record which reflect that Ihegword's regularly scheduled workweek was usually *less* than forty hours per week and on a number of occasions, was less than thirty hours per week. In conclusion, HCHD argues that Ihegword failed to produce sufficient evidence of uncompensated overtime or evidence that HCHD knew she performed overtime work for which she was not paid.

In his memorandum opinion and order, the district judge noted the contradictions in Ihegword's deposition testimony and her written declaration. The district judge also cited to the declaration of Ihegword's co-worker Sheila Carter, who stated that she and Ihegword rarely worked past their normal workday shifts, however, when they did so, it was on, and not off, the clock. Another co-worker testified that she worked the shift following Ihegword's and only occasionally would Ihegword stay past her scheduled shift into the following shift. The district judge then looked to the time card

reports evidencing that Ihegword rarely worked an entire forty-hour work week, a prerequisite before an employee could begin working overtime, and reasoned that the reports "soundly refuted" her allegations of clocking out and continuing to perform uncompensated overtime work. Moreover, the district judge noted the complete lack of evidence, other than Ihegword's unsubstantiated assertions speculated from memory, to prove that she actually worked overtime for which she was not compensated. Finally, the district judge pointed to Ihegword's failure to produce sufficient evidence that anyone at HCHD knew of the alleged uncompensated overtime Ihegword claimed to have worked each week. Consequently, the district judge held that Ihegword failed to raise a genuine issue of material fact that HCHD permitted her to work overtime hours for which she was not paid. We agree. As noted by the district judge, "an unsubstantiated and speculative estimate of uncompensated overtime does not constitute evidence sufficient to show the amount and extent of that work as a matter of just and reasonable inference." *Ihegword v. Harris Cnty. Hosp. Dist.*, 929 F. Supp. 2d 635, 668 (S.D. Tex. 2013) (citing *Harvill*, 433 F.3d at 441); *see also* 29 U.S.C. § 207(a)(1). Accordingly, we hold that the district court did not err in granting summary judgment in favor of HCHD.

### III.

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable statutory and case law, and the district court's judgment and reasoning, we AFFIRM the district court's summary judgment in favor of Defendant-Appellee Harris County Hospital District and adopt its analysis in full.